IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WANDA CONNER, Individually and
as the Representative for the Wrongful
Death Beneficiaries of TERRY MARCHBANKS                          PLAINTIFF

vs.                                                              No. 4:06CV80-D-B

HARDWARE DISTRIBUTION
WAREHOUSES, INC.; et al.                                         DEFENDANTS

OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court

of Leflore County, Mississippi. Upon due consideration, the court finds that the motion should be

denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

A.  Factual Background

On April 26, 2006, the Plaintiff's Decedent fell to his death through a roof when a skylight

he stepped on gave way. The Plaintiff subsequently filed this wrongful death suit in the Circuit

Court of Leflore County on May 2, 2006, alleging that the Defendants' conduct in connection with

the subject accident renders them liable under various causes of action including negligence.

The Defendants subsequently removed the case to this court asserting diversity jurisdiction

as the jurisdictional basis for removal. Thereafter, the Plaintiff motioned the court to remand this

matter to state court contending that because complete diversity between the parties does not exist,

federal diversity jurisdiction is not present and this court lacks subject matter jurisdiction.

B.  Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Here, the Defendants allege that the requirements for diversity jurisdiction are satisfied. The Plaintiff asserts, however, that diversity jurisdiction is not present because the Defendants have not proven that diversity of citizenship between the parties exists.[1]

For the reasons set forth below, the court finds that the Plaintiff's contentions are incorrect. The Defendants have met their burden of establishing the existence of federal diversity jurisdiction, and the Plaintiff's motion to remand this cause shall therefore be denied.

### C. Discussion

The Plaintiff asserts that diversity of citizenship between the parties is not present because one of the wrongful death beneficiaries, Greg Marchbanks, is a citizen of the same state, Louisiana, as is the Defendant Hardware Distribution Warehouses, Inc. (hereafter "HDW"). The Plaintiff asserts that Greg Marchbanks' citizenship is to be considered in determining whether complete diversity of citizenship is present between the parties.

28 U.S.C. § 1332(c) provides that "the legal representative of the estate of a decedent shall

---

[1]The Plaintiff does not dispute that the amount in controversy requirement has been satisfied.

be deemed to be a citizen only of the same State as the decedent . . . ," thus the Plaintiff Representative Wanda Conner is deemed to be a citizen of the same state, Mississippi, as is the Decedent, with the Defendant HDW being a citizen of Louisiana.  Thus, it appears that complete diversity of citizenship is present between the parties, giving this court federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The issue that arises in this case is whether the beneficiary Greg Marchbanks' citizenship is to be considered in determining whether the prerequisites for federal diversity jurisdiction are present.  The court finds that it is not.

Under Mississippi's wrongful death statute, which is found at Section 11-7-13 of the Mississippi Code, and pursuant to which this action was brought, an action to recover damages for wrongful death may be "brought in the name of the personal representative of the deceased person(s) for the benefits of all persons entitled under the law to recover . . ."  Miss. Code Ann. § 11-7-13. That is precisely what occurred in this case as the Plaintiff Representative brought this action in her name *on behalf of* the wrongful death beneficiaries of Terry Marchbanks, including Greg Marchbanks.  Greg Marchbanks did not file this action on his own behalf, but rather had it filed on his behalf by the Plaintiff Representative, a procedure that is specifically permitted by Section 11-7-13.  Accordingly, it is the Plaintiff Representative, and not Greg Marchbanks, whom is deemed to be the real party in interest in this matter, and whose citizenship is solely relevant to the diversity inquiry.  See Harris v. Johnson, 345 F. Supp. 516, 517 (N.D. Miss. 1972) (holding that "when the personal representative of a decedent person brings an action under the Mississippi Wrongful Death statute, he is the real party in interest though not necessarily the person who will ultimately benefit from the recovery."); Allen v. Baker, 327 F. Supp. 706, 711 (N.D. Miss. 1968) (holding, in wrongful death action, that "[t]he fact that citizenship of some of those [non-plaintiff wrongful death

beneficiaries] is the same as the citizenship of the defendant does not destroy complete diversity.").
As previously noted, the Plaintiff Representative is deemed to be a citizen of Mississippi for the
purposes of this action, with the Defendant being a citizen of Louisiana.

Accordingly, the court finds that Greg Marchbanks' Louisiana residency is irrelevant to the
court's determination of the parties' citizenship for diversity purposes; he is neither a named plaintiff
nor the real party in interest and thus has no bearing on the court's determination of whether
complete diversity of citizenship between the parties is present.  The sole named plaintiff in this
action, the Plaintiff Representative, is a citizen of the State of Mississippi, and the Defendant is a
citizen of the State of Louisiana.

The court therefore holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332
is present - the matter in controversy exceeds the sum of $75,000.00, and is between citizens of
different states.  As such, the court possesses subject matter jurisdiction to adjudicate this cause and
the Plaintiff's motion to remand is denied.

A separate order in accordance with this opinion shall issue this day.

This the 7th day of February 2007.


/s/ Glen H. Davidson
Chief Judge