**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

WANDA CONNER, INDIVIDUALLY AND
AS THE REPRESENTATIVE FOR THE
WRONGFUL DEATH BENEFICIARIES
OF TERRY MARCHBANKS,                                                    PLAINTIFFS,

VS.                                                        CIVIL ACTION NO. 4:06CV080-P-B

HARDWARE DISTRIBUTION WAREHOUSES, INC.,                 DEFENDANT.

### MEMORANDUM OPINION

These matters come before the court upon Defendant's Motion for Summary Judgment [63] and Plaintiffs' Motion to Strike Affidavit of Keith Marchbanks [75]. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

On April 26, 2006 Mary Ann Stinson, the site manager of Hardware Distribution Warehouses, Inc. ("HDW"), called Marchbanks Specialty Company, a family-owned roofing company. During the telephone call, Stinson spoke with Terry Marchbanks, an estimator and Vice President of Sales and Operations, and requested an estimate for replacement of the entire roof of HDW's warehouse which had recently been damaged by hail. On that same day, Terry Marchbanks and Keith Marchbanks went to HDW to perform the estimate. While doing so, both of them climbed atop the roof and while they were both on the roof, Terry Marchbanks stepped on a fiberglass skylight and fell to his death.

On May 2, 2006 Wanda Conner on behalf of the decedent Terry Marchbanks and his beneficiaries filed the instant lawsuit in the Circuit Court of Leflore County, Mississippi. In their

1

Complaint, the plaintiffs assert claims of common law negligence and negligence per se against HDW[1] arguing that HDW had the duty to provide a safe work environment for the Terry Marchbanks and failed to conform to OSHA standards.

The defendant removed this action to federal court on May 12, 2006. On February 7, 2007, the court denied the plaintiffs' motion to remand.

The defendant filed the instant motion for summary judgment, arguing that as a matter of law, the plaintiffs' claim for negligence per se must fail because (1) OSHA investigated the incident and deemed it an accident; (2) the subject OSHA standards do not apply to HDW because the deceased was employed by Marchbanks Specialty Company, not HDW; and (3) in any event, the subject OSHA standards do not apply to work conducted during initial estimates. The defendant argues that the plaintiffs' negligence claim fails as a matter of law because the decedent was an employee of an independent contractor, not HDW and therefore HDW owed no particular duty to the decedent to provide a safe working environment on the roof – especially given that the decedent was called upon to estimate the cost of replacing the roof that was already deemed in need of repair and the decedent was an expert in roof repair which presumes he had substantial knowledge regarding roof repair safety.

In response, the plaintiff argues that even though OSHA concluded that the death was an accident and that no one violated the subject OSHA standards, the plaintiff's expert has demonstrated that HDW breached the duties defined by OSHA standards and this information can be used in support of the plaintiff's negligence per se claim. With regard to their negligence claim,

---

[1] The Complaint also named as a defendant Henderson & Baird Hardware Company. The claims against Henderson & Baird were dismissed with prejudice on June 26, 2006.

the plaintiff argues that the decedent was a business invitee of HDW and not yet an employee of an independent contractor because Marchbanks Specialty Company had not yet contracted with HDW, but rather was only preparing an estimate.

The plaintiff also filed the instant motion to strike a portion of the Affidavit of Keith Marchbanks, attached in support of the defendant's motion for summary judgment, arguing that the subject portion is inadmissible hearsay and therefore cannot be used to support a motion for summary judgment pursuant to Fed. R. Civ. P. 56(e).

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

3

on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue

must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Analysis**

**1. Plaintiff's Negligence Claim**

The plaintiffs argue that HDW was negligent in not providing a safe work environment for Terry Marchbanks. The defendant contends that HDW cannot be liable for injuries sustained by an employee of an independent contractor.

In Mississippi, "the owner or occupier is under no duty to protect [independent contractors] against risks arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair." *Vu v. Clayton*, 765 So.2d 1253, 1256 (Miss. 2000) (citing *Jackson Ready-Mix Concrete v. Sexton*, 253 So.2d 267, 271 (Miss. 1970)).

The defendant contends that Terry Marchbanks was an employee of an independent contractor, not an employee of HDW, and had undertaken to repair HDW's roof. Therefore, pursuant to *Vu v. Clayton*, HDW cannot be held liable for negligence in this instance. In response, the plaintiff argues that the Marchbanks' roofing company had not yet made a contract with HDW and therefore were not independent contractors, but rather business invitees. The plaintiffs, however, cite no mandatory authority for this position which clearly defies common sense. It is undisputed that HDW called the Marchbanks' company to inspect and prepare an estimate of HDW's roof. The Marchbanks arrived for the sole purpose of conducting that inspection and estimate. Even if the parties had not yet entered into a written contract, there was clearly an oral contract for the Marchbanks to inspect and estimate the cost for repairing HDW's roof.

5

It is also undisputed that the Marchbanks were not present at the HDW warehouse as customers. In any event, even if the Marchbanks were considered business invitees rather than independent contractors, "[t]he owner/occupier is not an insurer of the invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee." *Jones v. James Reeves Constr.*, 701 So.2d 774, 782 (Miss. 1997). It is undisputed that the Marchbanks were experts in roof repair and that as management employees of a reputable roofing company, they would certainly know of any dangers inherent in climbing atop a warehouse to inspect the roof after being told during the telephone conversation that the roof and its many skylights had been damaged during a hail storm.

The court concludes that the defendant has met its burden in demonstrating that even after taking the facts in a light most favorable to the plaintiffs, the plaintiffs have offered insufficient evidence to create a genuine issue of material fact warranting a trial on their negligence claim. Therefore, the negligence claims should be dismissed with prejudice pursuant to the rules discussed above in *Vu v. Clayton* and *Jones v. James Reeves Construction*, as well as Miss. Code Ann. § 11-1-66 ("No owner, occupant, lessee or managing agent of property shall be liable for the death or injury of an independent contractor or the independent contractor's employees resulting from dangers of which the contractor knew or reasonably should have known.").

**2. Plaintiffs' Negligence Per Se Claim**

"To prevail in an action for negligence per se, a party must prove that he was a member of the class sought to be protected under the statute, that his injuries were of a type sought to be avoided, and that violation of the statute proximately caused his injuries." *Gallagher Bassett Servs. v. Jeffcoat*, 887 So.2d 777, 787 (Miss.2004).

The plaintiffs argue that HDW is liable for negligence per se because HDW failed to follow OSHA standards. The defendants contend that the negligence per se claim cannot lie as a matter of law because (1) HDW was not Terry Marchbanks' employer and OSHA standards only apply to employers; (2) even if HDW were Marchbanks' employer, the relevant OSHA standards do not apply because they "do not apply when employees are making an inspection, investigation, or assessment of workplace conditions prior to the actual start of construction work or after all construction work has been completed." citing 29 C.F.R. 1926.500(a)(1); and (3) OSHA investigated the subject accident and premises of HDW and did not issue a citation to either Marchbanks Specialty Company or HDW.

Though the plaintiffs point to their expert Robert Stanford's opinion that HDW violated standards defined by OSHA and were negligent per se, the plaintiff has cited no authority that one may recover under the theory of negligence per se given the defendants' persuasive arguments above. Accordingly, the court concludes that summary judgment should be granted on the plaintiff's negligence per se claim.

### 3. Plaintiffs' Motion to Strike

The plaintiffs filed a motion to strike a certain portion of the Affidavit of Keith Marchbanks attached to the defendant's motion for summary judgment. For the purposes of the instant motion for summary judgment, the court did not consider the subject affidavit and since the court has concluded that summary judgment should be granted, the plaintiff's motion to strike is moot.

### 4. Plaintiff's Rule 56(f) Motion

In their response in opposition to the defendant's motion for summary judgment, the plaintiffs seek a continuance of the court's consideration of the motion for summary judgment

pursuant to Fed. R. Civ. P. 56(f) until the court has ruled upon the plaintiffs' motion to compel production of a piece of the skylight through which the decedent fell. On July 7, 2007, the U.S. Magistrate Judge denied the plaintiffs' motion to compel. On September 5, 2007 the court overruled the plaintiffs' objection to the U.S. Magistrate Judge's ruling. Therefore, the plaintiff's Rule 56(f) motion should be denied. In any event, even if discovery were allowed and the plaintiffs were to obtain the piece of the skylight, and even if the condition of the skylight were as plaintiffs allege, the plaintiff's negligence and negligence per se claims would still be without merit given the authorities discussed above.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Defendant's Motion for Summary Judgment [63] should be granted and that the plaintiffs' claims should be dismissed with prejudice. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of September 7, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE